IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARL LONDELL MARTIN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:19-cv-00537 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HOWARD W. CLARKE, DIRECTOR, ) | United States District Judge |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

In state court, petitioner Karl Londell Martin was tried and convicted of committing burglary while armed, robbery, use of a firearm in the commission of robbery, and abduction with intent to extort money. After setting aside the robbery conviction, the court sentenced Martin to thirty years on the burglary count, five years on the firearm count, and twenty years on the abduction count, all to run consecutively. (Resp't's Ex. A, Dkt. No. 17-1.)

Before the court is Martin's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The respondent moves to dismiss on various grounds, including that Martin's petition is untimely. (Dkt. No. 15.) For the reasons stated below, Martin's petition will be dismissed as time-barred.[1]

I. BACKGROUND

Martin was tried before a jury in the Circuit Court for the City of Roanoke on September 24, 2008. The court convicted Martin on all charges except possession of a firearm by a convicted felon. As noted, the court granted Martin's motion to set aside the robbery conviction and

---

[1] The court notes that, in his petition, Martin states that he previously filed a habeas petition challenging his conviction in the Western District of Virginia. He lists the case number as "unknown." (Habeas Pet. 12, Dkt. No. 1.) The court conducted a search of CM/ECF and did not locate any other actions filed by Martin in this court.

sentenced Martin on October 15, 2008, in accordance with the jury's verdicts on the burglary, abduction, and use of a firearm counts.

Martin appealed. In an unpublished decision dated November 17, 2009, the Court of Appeals of Virginia reversed the conviction for use of a firearm in the commission of a robbery and affirmed the remaining judgments. *See Martin v. Commonwealth*, Record No. 2658-08-3, 2009 WL 3817300 (Va. Ct. App. Nov. 17, 2009). The court found "ample circumstantial evidence in this record from which the jury could conclude that appellant was the large individual appearing on the videotape wearing the ski mask and brandishing the firearm." *Id.* at *3. The Supreme Court of Virginia refused Martin's petition for appeal in a summary order entered September 30, 2010. (Resp't's Ex. C, Dkt. No. 17-3.) The United States Supreme Court denied Martin's petition for certiorari on February 22, 2011. (Resp't's Ex. D, Dkt. No. 17-4.)

Martin then pursued several collateral attacks on his conviction and sentence in state court. The first of these was filed on or about February 15, 2013. (Resp't's Ex. E, Dkt. No. 17-5.) By order dated May 21, 2013, the court denied the motion as untimely. (*Id.*) Subsequent motions to vacate and/or habeas petitions were filed in state court in 2015, 2017, and 2018. (*See* Resp't's Ex. G, Dkt. No. 17-7; Resp't's Ex. H, Dkt. No. 17-8; Resp't's Ex. J, Dkt. No. 17-10.) None of these actions were successful.

Martin filed this § 2254 petition on July 25, 2019. (Habeas Pet., Dkt. No. 1.)

## II.  ANALYSIS

**A.  AEDPA's One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

**B. Timeliness of Martin's Petition**

Respondent argues, and the court agrees, that the timeliness of Martin's petition is governed by § 2244(d)(1)(A). Thus, in order to be timely, Martin's petition must have been filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Martin pursued a direct appeal to the Virginia Court of Appeals, the Supreme Court of Virginia, and finally, to the United States Supreme Court, which denied his petition for certiorari on February 22, 2011. To be timely, Martin needed to file his federal § 2254 petition within a year of that date. However, Martin did not file this action until 2019. The time that Martin's state post-conviction actions were pending do not toll the limitations period pursuant to § 2244(d)(2) because they were filed after the limitations period expired. Therefore, Martin's petition is untimely.

In his brief, Martin states that he is "actually innocent" of the charges against him. (*See* Dkt. No. 11.) The so-called "fundamental miscarriage of justice" exception permits federal courts to review untimely and/or procedurally defaulted habeas petitions, but only if the petitioner makes a colorable claim of actual innocence. *See Hall v. Warden, USP Marion*, CASE NO. 7:17CV00156,

3

2018 WL 312721, at *2 (W.D. Va. Jan. 5, 2018) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995) and *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). Such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Martin did not provide "new reliable evidence" in support of his petition. Therefore, the court cannot consider his claims under the fundamental miscarriage of justice exception.

## C. Certificate of Appealability

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

The court declines to issue a certificate of appealability because Martin has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

## III.  CONCLUSION

For these reasons, the court will deny Martin's § 2254 petition, grant the respondent's motion to dismiss, and decline to issue a certificate of appealability.  The court will issue an appropriate order.

Entered: July 24, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge